FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 11, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>                v.<br><br>RELLS FIRE PROTECTION INC., a Washington corporation; JAC'S MOUNTAIN GROUP LLC; and OREGON MUTUAL INSURANCE COMPANY, a foreign insurer,<br><br>                Defendants. | No. 2:17-CV-00249-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff Evanston Insurance Company (Evanston) seeks declaratory judgment that it has no duty to defend or indemnify subrogation claims asserted by its insured, Rells Fire Protection, in an underlying state court action. In the underlying action, Jac's Mountain Group (Jac's) and Oregon Mutual Insurance Company allege that Rells negligently and in breach of contract failed to properly inspect fire suppression equipment at a diner owned by Jac's, resulting in a fire that destroyed the diner. Evanston moves for summary judgment that it has no duty to defend the underlying action because the claims fall within the applicable insurance

ORDER **-** 1

policy's (the policy) breach of contract and professional liability exclusions. Evanston further argues that because it has no duty to defend, it necessarily also has no duty to indemnify and summary judgment should be granted in its favor on all claims.

The underlying breach of contract claim plainly falls within the policy's breach of contract exclusion. But that exclusion cannot bar coverage for claims of negligence. Whether the negligence claim falls within the professional liability exclusion cannot be resolved based on the allegations in the underlying complaint. It is at least conceivable that the underlying negligence claim is covered by the policy. Evanston therefore has a duty to defend. Accordingly, Evanston's motion for partial summary judgment is denied.

## I. BACKGROUND

**A. Factual and procedural background**

As alleged in the underlying action, Defendant Jac's Mountain Group owned a diner in Leavenworth, Washington. ECF No. 28-3 at 3. Jac's property and casualty insurance provider, Oregon Mutual Insurance Company, contracted with Rells Fire Protection (Rells) to inspect the diner's fire suppression and exhaust system. ECF No. 28-3 at 3. Following each service inspection, Jac's "received notice that the restaurant's suppression and exhaust system exhibited no deficiencies." ECF No. 28-3 at 3.

In June 2016, a grease fire started at the diner, the fire suppression system failed to stop the fire, and the diner was destroyed. ECF No. 28-3 at 3. An inspection revealed that the restaurant's fire suppression and exhaust system was deficient and prevented the flames from being extinguished. ECF No. 28-3 at 3.

Oregon Mutual and Jac's filed a lawsuit in state court alleging negligence and breach of contract against Rells. ECF No. 28-3. The amended complaint alleges that "prior to the fire, there were neither reasonable nor adequate measures taken by Rells's Fire in order to notify [Jac's] about the system's deficiencies." ECF No. 28-3 at 3. With respect to the negligence claim, the amended complaint alleges that "Rells's Fire was negligent in its inspection and diagnosis of the fire suppression and exhaust system because it failed to (1) notify Plaintiff that the system did not conform to applicable code/regulations, and (2) instruct Plaintiff about the need for repairs." ECF No. 28-3 at 3–4. With respect to breach of contract, the amended complaint alleges that "Rells's Fire entered into a contract with Plaintiff to inspect and service the building's fire suppression and exhaust system for the express purposes of maintaining safety and compliance with state and local requirements." ECF No. 28-3 at 4. The amended complaint further alleges that "Rells's Fire breached its contract and/or warranties when it failed to properly inspect the fire suppression and exhaust system, identify the deficiencies, notify Plaintiff of the deficiencies, and recommend repairs." ECF No. 28-3 at 4.

Rells provided notice of the lawsuit to its commercial general liability insurer, Evanston, which agreed to defend under a reservation of rights. ECF No. 1-3 at 3. Evanston subsequently filed this declaratory judgment action asserting that the claims in the underlying action are not covered because they fall within Rells's policy's (the policy) breach of contract and professional liability exclusions. ECF No. 1 at 3; ECF No. 1-4 at 5–6.

**B.     Relevant policy provisions**

Evanston issued an insurance policy to Rells covering the period from November 10, 2015, to November 10, 2016. ECF No. 26-1 at 4. The policy contains three primary areas of coverage: (A) bodily injury and property damage; (B) personal and advertising injury; and (C) medical payments. ECF No. 26-1. The policy contains two specific exclusions to coverages A and B that are relevant here. First, the coverage excludes "[c]laims arising out of breach of contract, whether written or oral, express or implied, implied-in-law, or implied-in-fact contract." ECF No. 26-1 at 52. Second, the coverage excludes "[p]rofessional liability, errors, omissions, negligent acts, malpractice or acts of any type including rendering or failure to render any type of professional service, unless such coverage is specifically endorsed onto the policy." ECF No. 26-1 at 53.

## LEGAL STANDARD

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Sgt. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "In short, what is required to defeat summary judgment is simply evidence 'such that a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor.'" *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (quoting *Reza v. Pearce*, 806 F.3d 497, 505 (9th Cir. 2015)).

When interpreting insurance policies, a court must consider the policy as a whole, giving it "a fair, reasonable, and sensible construction as understood by the average person purchasing insurance." *Key Tronic Corp. v. Aetna (CIGNA) Fire Underwriters Ins. Co.*, 881 P.2d 201 (1994). exclusionary clauses must be strictly construed against the insurer. *McGeevy v. Oregon Mut. Ins. Co.*, 876 P.2d 463 (Wash. App. 1994).

## DISCUSSION

An insurer's duty to defend arises "if the insurance policy conceivably covers the allegations in the complaint." *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454

(Wash. 2007). As the Court has previously stated, determining whether Evanston has a duty to defend Rells in the underlying suit turns on whether the claims alleged in the underlying complaint fall within the policy's breach of contract or professional liability exclusions. *See* ECF No. 40. The underlying breach of contract claim plainly falls within the policy's breach of contract exclusion. But that exclusion cannot bar coverage for claims of negligence. Whether the negligence claim falls within the professional liability exclusion cannot be resolved based on the allegations in the underlying complaint—it is at least conceivable that the underlying negligence claim is covered by the policy. Evanston therefore has a duty to defend Rells.

**A.     The breach of contract claim is excluded from coverage.**

The breach of contract exclusion applies to "[c]laims arising out of breach of contract, whether written or oral, express or implied, implied-in-law, or implied-in-fact contract." ECF No. 26-1 at 52. Washington courts have upheld general liability policy exclusions for breach of contract. *See W. Nat. Assur. Co. v. Shelcon Constr. Grp., LLC*, 332 P.3d 986 (Wash. Ct. App. 2014). This exclusion plainly applies to the breach of contract claim in the underlying action. However, it does not apply to, and cannot preclude coverage for, the underlying negligence claim.

## B. The negligence claim may not be excluded.

The professional-liability exclusion applies to "[p]rofessional liability, errors, omissions, negligent acts, malpractice or acts of any type including rendering or failure to render any type of professional service, unless such coverage is specifically endorsed onto the policy." ECF No. 26-1 at 53. The underlying amended complaint alleges that Rells was contracted to inspect the diner's fire suppression and exhaust system for the express purposes of maintaining safety and compliance with state and local requirements, and that "Rells's Fire was negligent in its inspection and diagnosis of the fire suppression and exhaust system because it failed to (1) notify Plaintiff that the system did not conform to applicable code/regulations, and (2) instruct Plaintiff about the need for repairs." ECF No. 28-3 at 3–4.

Rells first argues that the allegations fall within the products/completed operations (PCO) coverage and professional liability exclusion does not apply to the PCO coverage because it is a specific endorsement covering professional services. ECF No. 43 at 5–6. The policy's PCO coverage applies to "all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except: (1) Products that are still in your physical possession; or (2) Work that has not been completed or abandoned." ECF No. 26-1 at 29. But the PCO coverage is not a separate endorsement covering

professional services, and it plainly modifies the existing coverages in the policy rather than creating a new category of coverage. Thus, to the extent PCO claims fall under the bodily injury and property damage coverage they remain subject to the exclusions to that coverage unless the exclusion specifically provides otherwise. The professional services exclusion therefore applies to claims even if those claims fall within the PCO coverage.

The dispositive question here is whether Rells's inspection services were professional services. Evanston argues that the Central District of California's reasoning in *Stone v. Hartford Casualty Company*, 470 F. Supp. 2d 1088, 1098 (C.D. Cal. 2006), is applicable here. ECF No. 27 at 8–9. In that case, the court concluded that a similar exclusion applied to a contractor's plans for room additions and construction or supervision of the additions. *Stone*, 470 F. Supp. 2d at 1098. The court cited California case law to define "professional services" as "those [services] arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual rather than physical or manual." *Id.* And the court rejected the claimant's attempt to circumvent the exclusion by making the conclusory assertion that the insured's services were "non-professional." *Id.*

While Washington law, not California law, governs the definition of professional services here, the general reasoning of *Stone* is persuasive. Whether

the services provided here were professional services is an objective question that does not depend on how Rells or Jac's characterized the services. The Ninth Circuit, addressed the definition of "professional service" under Washington law in *Bank of California v. W.H. Opie, et al.*, 663 F.2d 977, 981 (9th Cir. 1981). The court held that "a 'professional' act or service is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual (citations omitted)." *Id.*

Evanston argues that the underlying complaint alleges that Rells failed in the performance of professional duties. ECF No. 27 at 10. While true, this is not inconsistent with the reasoning of *Stone* and *Bank of California*; whether a service is characterized as professional is not important, what matters is whether the service was in fact a professional service. Construing the facts alleged in the underlying complaint in Rells's favor, it is conceivable the services Evanston provided were not "professional services." Whether the negligence claim in the underlying complaint arises solely from professional services is a factual question that cannot be resolved based on the record currently before the Court. Accordingly, Evanston has a duty to defend Rells in the underlying action.

## CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Partial Summary Judgment, **ECF No. 27**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 11th day of July 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge